# Wharton, Appellant, v. Bradford City.

*Negligence—Municipalities—Defective sewer—Death of child—Proximate and remote cause.*

A city cannot be held responsible for the death of a child from fever contracted from drinking contaminated water of a well, on the ground that the city had deposited the contents of a sewer in an open stream, and that the sewage from the stream percolated through gravelly soil into the well in question.

In such a case there are no such connected links as make a chain of causes by which the first could be called proximate to the end, and in addition there is the very strong probability of the interposition of other and entirely disconnected circumstances in producing the result.

Argued May 2, 1904. Appeal, No. 144, Jan. T., 1903, by plaintiff, from judgment of C. P. McKean Co., Oct. T., 1900, No. 355, on verdict for defendant in case of Mary A. Wharton v. Bradford City. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's child. Before MORRISON, P. J.

At the trial it appeared that plaintiff's cause of action was the death and illness of her children alleged to have been caused by a fever contracted from the drinking of water from a contaminated well. The statement of claim averred that the city had deposited the contents of a sewer in an open stream, and that the sewage from the stream percolated through gravelly soil into the well on plaintiff's premises.

The following offer was made :

Counsel for plaintiff propose to prove by plaintiff that she is the widowed mother of the children whose names are mentioned in the declaration ; that they died in 1899 ; that they were affected by the disease of typhoid fever, or some kindred disease ; that prior to the contraction of the disease they had been drinking from the water of the well on the homestead situate between the house and the stream known as Tuna creek, and that the physicians who attended the children during their illness directed her to discontinue the use of the well, after the disease had set in ; and that the death of the children was caused by the negligent discharge of the sewage of the city into the stream above the well, whereby the sewage percolated through the gravel to the waters of the well, thereby causing the death of the child Winifred, and the disease of the child Mary Jane, and the damages alleged in the declaration.

Plaintiff's counsel offers the evidence as to the other children as part of the res gestæ, being at the same time and occurring under the same circumstances ; and offers to follow this with proof of the liability of the city for the discharge of sewage where it ought not to have been discharged and its probable percolation through the gravel to this well. To show what the effect of the use of that water was on those for whom the claim is made, as well as upon others who may come under its influence.

Objection by counsel for defendant sustained.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was ruling on evidence as above, quoting the bill of exceptions.

*R. B. Stone,* with him *Eugene Mullin* and *J. M. McClure,* for appellant.

*F. P. Schoonmaker,* for appellee, was not heard.

PER CURIAM, May 23, 1904:

The connection between the act of the city complained of, and the result charged, is altogether too remote and too uncertain to be permitted as a basis of recovery. There are no such connected links as make a chain of causes by which the first could be called proximate to the end, and in addition there is the very strong probability of the interposition of other and entirely disconnected circumstances in producing the result. Whether the city was exempt from liability for the exercise of its governmental functions, as to injuries to health, etc., and similar questions we do not need to consider.

Judgment affirmed.